UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JESSICA E. SELLERS, | Civil Action No. 3:11-cv-02163-CMC |
| Plaintiff, | |
| vs. | |
| SOUTH CAROLINA AUTISM SOCIETY, INC., KIM THOMAS AND CRAIG C. STOXEN, AS CEO, | **DEFENDANTS' SUBMISSION IN RESPONSE TO TEXT ORDER [16]** |
| Defendants. | |

Defendants hereby provide this response to the Court's Text Order dated March 15, 2012 [16].

The United States Supreme Court has held that a Plaintiff cannot state a claim under 42. U.S.C. § 1981 ("Section 1981") unless there is a contract to be made or enforced. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479-480, 126 S.Ct. 1246 (2006).[1] The United States Supreme Court has never, to the knowledge of the undersigned, specifically held that an at will employment relationship is a "contract" upon which a Section 1981 claim be based. Indeed, *Domino's* involved written contracts to construct restaurants, not an at will employment situation.

It is acknowledged that the Fourth Circuit has found that at will employment may be "contractual" for purposes of stating a Section 1981 claim. *E.g., Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018-1019 (4th Cir. 1999). However, the undersigned notes that the Fourth Circuit's pronouncements on this issue came in cases arising in other states and discussing at-

---

[1] Defendants do not deny that Section 1981 applies not only to the making of contracts but also to the enforcement of contract rights post-contract formation. 42 U.S.C. § 1981(b). Rather, they argue that the contract to be made or enforced must be something more than an at-will relationship of employment.

will and contract principles in those other such states, not South Carolina. For example, *Spriggs* arose in Maryland, and Maryland courts "recognize that at-will employment relationships are contracts." *Id*. at 1018 (citation omitted). In contrast, courts in South Carolina have found that the at-will relationship is not contractual and thus does not support claims for breach of contract, tortious interference with contract, and the like. *E.g.*, *Prescott v. Farmers Telephone Coop., Inc.*, 335 S.C. 330, 516 S.E.2d 923, 926 (S.C. 1999)(noting that in the at will relationship, even vague but repeated assurances of job security "do not give rise to contractual rights"); *Amason v. P.K. Management, LLC*, 2011 U.S. Dist. LEXIS 30883, at * 6 (D.S.C. 2011)("Since Plaintiff has failed to plead sufficient factual allegations establish the existence of an employment contract beyond the at-will relationship, Plaintiff's claim of breach of contract accompanied by a fraudulent act fails at the outset").[2]

To the extent this Court must give deference to the Fourth Circuit's *Spriggs* decision and its progeny, although such cases are based on at will and contract principles of the laws of states other than South Carolina, the Defendants ask that this Court find that Plaintiff's Section 1981 claim survives the Motion to Dismiss based only on the asserted "contract" of at will employment. In the Complaint, Plaintiff has failed to specify any other alleged contract upon which the Section 1981 claim can be based. Accordingly, the Defendants request that if the Court declines to dismiss the Section 1981 claim, that the Court at least specify that such claim survives at this juncture based only upon the asserted "contract" of at will employment and not some other alleged contract between any of the parties.

---

[2] A copy of this opinion is attached as Exhibit A.

McANGUS GOUDELOCK & COURIE, LLC

_s/Amy Y. Jenkins_____
Amy Y. Jenkins Federal ID No. 6858
Post Office Box 877
78 Wentworth Street Suite 200
Charleston, South Carolina 29401-1428
(843) 576-2900

_s/C. Edward Rawl, Jr._____
C. Edward Rawl, Jr. Federal ID No. 10154
Post Office Box 12519, Capitol Station
Meridian, 10th Floor
1320 Main Street (29201)
Columbia, South Carolina 29211-2519
(803) 779-2300

ATTORNEYS FOR DEFENDANTS SOUTH
CAROLINA AUTISM SOCIETY, INC. KIM
THOMAS AND CRAIG C. STOXEN, AS CEO

March 19, 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JESSICA E. SELLERS, )<br><br>Plaintiff, )<br><br>vs. )<br><br>SOUTH CAROLINA AUTISM SOCIETY, )<br>INC., KIM THOMAS AND CRAIG C. )<br>STOXEN, AS CEO, )<br><br>Defendants. ) | Civil Action No. 3:11-cv-02163-CMC |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

   Jennifer Munter Stark, Esquire
   501 Folly Road
   Charleston, South Carolina 29412
   jmunterstarklaw@gmail.com

                              MCANGUS GOUDELOCK & COURIE, L.L.C.

                              *s/Amy Y. Jenkins*_____
                              Amy Y. Jenkins  Federal ID No. 6858
                              Post Office Box 877
                              78 Wentworth Street Suite 200
                              Charleston, South Carolina 29401-1428
                              (843) 576-2900

                              *s/C. Edward Rawl, Jr.*_____
                              C. Edward Rawl, Jr. Federal ID No. 10154
                              Post Office Box 12519, Capitol Station
                              Meridian, 10th Floor
                              1320 Main Street (29201)
                              Columbia, South Carolina 29211-2519
                              (803) 779-2300

                              ATTORNEYS FOR DEFENDANTS SOUTH
                              CAROLINA AUTISM SOCIETY, INC. KIM
                              THOMAS AND CRAIG C. STOXEN, AS CEO