IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JESSICA E. SELLERS ) | C/A No. 3:11-CV-2163-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| SOUTH CAROLINA AUTISM SOCIETY, INC. ) | |
| KIM THOMAS, and CRAIG C. STOXEN as CEO, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Through this action, Plaintiff Jessica E. Sellers ("Sellers") seeks recovery for alleged wrongful actions relating to her employment with Defendant South Carolina Autism Society, Inc., ("Employer"). Sellers alleges, *inter alia*, that she was treated less favorably than Caucasian employees because of her race (African American) and because she complained about racial discrimination directed to her and other African American employees. Sellers asserts the following seven causes of action: (1) violation of 42 U.S.C. § 1981; (2) intentional infliction of emotional distress ("outrage"); (3) breach of contract; (4) retaliatory discharge in violation of public policy; (5) defamation (relating to post-employment comments); (6) tortious interference with contract/prospective advantage; and (7) negligence. These causes of action are asserted against three Defendants: Employer; Seller's former supervisor, Kim Thomas ("Thomas"); and Employer's chief operating officer Craig C. Stoxen ("Stoxen") (collectively "Defendants").

The matter is before the court on Defendants' motion to dismiss all claims. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). Through a Report issued February 22, 2012, the Magistrate Judge

recommends that the court grant Defendants' motion in full, dismissing all claims. In the alternative, the Report recommends dismissal of the sole federal claim and remand of the state law claims to state court.

Defendants filed a response on February 23, 2012, agreeing with the Report's recommendation that the motion to dismiss be granted in full but opposing the alternative recommendation that the state law claims be remanded without ruling. Defendants argue that remand of the state law claims would be inefficient and prejudicial as Defendants "would have to re-brief, re-argue, and redefend against the same meritless claims in yet another forum." Dkt. No. 11 at 2.

Sellers filed an objection to the Report on March 13, 2012. Dkt. No. 14. Sellers objects to the recommendations except as to the recommended dismissal of her claims for outrage and negligence. *See* Dkt. No. 14 at 16 (indicating no objection to the Report as to these two claims). As to her federal claim, Sellers argues that she had a sufficient contractual interest in her employment to support a claim under 42 U.S.C. § 1981 ("Section 1981"). As to her state law claims, Sellers argues the court should follow the Report's alternative recommendation and remand those to state court if her federal claim is dismissed.

By docket text order entered March 15, 2012, the court raised concerns regarding the recommendation on the Section 1981 claim and invited briefing. Dkt. No. 16. Both sides filed responsive memoranda. Dkt. Nos. 18, 20.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

### I.     Federal Claim (42 U.S.C. § 1981) – First Cause of Action

The Report addresses Sellers' federal claim for violation of 42 U.S.C. § 1981 together with her claim for breach of contract and recommends that both claims be dismissed because Sellers has not adequately pleaded the existence of an employment contract. Report at 5-7. As to the Section 1981 claim, this recommendation is founded on the assumption that at-will employment cannot support a claim under Section 1981. For reasons set forth below, the court concludes that assumption is incorrect.

**Fourth Circuit Authority.** The Fourth Circuit first addressed whether an at-will employment relationship was sufficient to support a claim under Section 1981 in *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015 (4th Cir. 1999). There the court addressed at-will employment under Maryland law and concluded that, although the employment relationship was terminable at will, the relationship was contractual and could, therefore, support a Section 1981 claim. *Id.* at 1018

("Because the parties did not agree on a set duration for Spriggs's employment, Maryland law permitted either party to terminate the contract at will. . . . Nevertheless, the lack of an agreed-upon duration does not invalidate the underlying contract itself. . . . Therefore, Spriggs's employment relationship with Diamond, though terminable at will, was contractual.").

Although the court was specifically addressing at-will employment under Maryland law, its discussion suggested broader application. *Id.* ("Having concluded that an at-will employment relationship is contractual, we hold that such relationships may therefore serve as predicate contracts for § 1981 claims."). The court also noted that its decision placed the Fourth Circuit in agreement with the Fifth Circuit, the only other circuit which had then addressed the issue. *Id.* at 1018-19 (discussing *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1052 (5th Cir. 1998), which held that, under Texas law, an at-will employee has a contractual relationship with her employer, and noted that "Congress could not have meant to exclude at-will workers from the reach of § 1981").[1]

In an unpublished decision in 2000, the Fourth Circuit summarily reversed and remanded a decision from the District of South Carolina based on its holding in *Spriggs*. *See Parks v. Lens Crafters, Inc.*, No. 99-1551, 2000 WL 1287911 (4th Cir. 2000). The underlying decision turned on application of the at-will doctrine under South Carolina law. *See* C.A. No. 1:97-cv-3668-CMC, Dkt.

---

[1] In moving for dismissal, Defendants argue that Sellers' at-will employment relationship was insufficient to support a claim under Section 1981but failed to cite a single Section 1981 case addressing what constituted a contract in the employment context. Most critically, Defendants failed to cite *Spriggs* or any of the many subsequent cases (discussed below) which have relied, in part, on *Spriggs* in concluding that Section 1981 applies to claims based on at-will employment. Sellers, likewise, failed to bring this critical line of cases to the Magistrate Judge's attention. While she did cite *Spriggs,* it was only in a parenthetical to another case which was cited for a different legal premise.

No. 23 at 4-5 (Report and Recommendation); *id.*, Dkt. No. 25 (order adopting Report and Recommendation).² The unpublished Fourth Circuit opinion reads, in full, as follows:

> Dianne G. Parks sued her employer alleging that she was denied promotions and pay raises because of her race in violation of 42 U.S.C. § 1981 (1994). The district court, accepting the magistrate judge's recommendation, granted the employer's motion for summary judgment on the sole ground that Parks could not proceed under § 1981 because she was an at-will employee.
>
> After the magistrate judge's recommendation, upon which the district court relied, this court held that an at-will employee could prevail on a § 1981 claim. *See Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018-19 (4th Cir.1999) (holding that at-will employment relationship is sufficiently contractual to serve as a predicate contract for purposes of a § 1981 action). Accordingly, we vacate and remand the district court's opinion because it is inconsistent with this court's opinion in *Spriggs*. We do not, however, express any opinion regarding alternative grounds for either granting or denying the employer's motion for summary judgment.
>
> We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
>
> VACATED AND REMANDED.

*Id.* The brevity of this decision as well as its issuance as an unpublished opinion suggest that the Fourth Circuit considered the legal issue to have been resolved by *Spriggs*.

The Fourth Circuit discussed the topic in somewhat greater detail in a decision issued in 2003, applying the rule announced in *Spriggs* to claims brought by a North Carolina at-will employee. The court reached the same conclusion as in *Spriggs*, characterizing North Carolina's at-will employment doctrine as follows:

> North Carolina courts have also recognized that at-will employment relationships are contractual. *See Evans v. Cowan*, 132 N.C. App. 1, 510 S.E.2d 170, 174 (1999)

---

² The Report and Recommendation was signed by Magistrate Judge Bristow Marchant. The Order adopting the Report and Recommendation was signed by Senior District Judge Charles E. Simons, Jr. The case was reassigned to the undersigned after remand.

>  ("This jurisdiction has long adhered to the employment-at-will doctrine, i.e., '[w]here a contract of employment does not fix a definite term, it is terminable at the will of either party, with or without cause.'" (citations omitted)). Because the district court's decision is contrary to our subsequent decision in *Spriggs*, we remand this aspect of the case for further proceedings consistent with *Spriggs*.

*McLean v. Patten Communities, Inc.*, 332 F.3d 714, 719 (4th Cir. 2003) (noting that the rights guaranteed under Section 1981(a) include those relating to "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.").[3]

**Out-of-Circuit Authority**. At least seven circuits have concluded that at-will employment is a contractual relationship sufficient to support a claim under Section 1981.[4] This court has been unable to find any circuit court decision reaching a contrary result, although at least one has expressly declined to address the issue when it might have done so. *See Bishop v. Avera*, 177 F.3d 1233, 1236 (11th Cir. 1999) (noting significance of the issue to the case but declining to address it because it had not been briefed).

---

[3] The quoted language from Section 1981(a) reflects a 1991 amendment which broadened Section 1981 to encompass claims for discrimination *during the course of employment*. *See CBOS West, Inc. v. Humphries*, 553 U.S. 442, 446-52 (2008) (discussing 1991 amendment of Section 1981 which broadened scope of statute and holding retaliation claim cognizable under Section 1981); *James v. Circuit City Stores, Inc.*, 370 F.3d 417, 418, 420-21 (4th Cir. 2004) (discussing 1991 amendment which extended scope of Section 1981 to cover "conduct occurring after the formation of the contractual relationship" such that it reached alleged racial discrimination "during the course of an employment relationship").

[4] In *Spriggs*, the Fourth Circuit relied, in part, on a Fifth Circuit decision which reached the same result. Since *Spriggs* was decided, five other circuits have adopted the same rule as applied to the at-will employment before them. *See Aquino v. Honda of America, Inc.*, 158 Fed. Appx. 667, 674 n.3 (6th Cir. 2005); *Walker v. Abbot Laboratories,*, 340 F.3d 471, 474-77 (7th Cir. 2003); *Turner v. Arkansas Ins. Dept.*, 297 F.3d 751, 755-57 (8th Cir. 2002); *Skinner v. Maritz, Inc.*, 253 F.3d 337 (8th Cir. 2001); *Lauture v. Int'l Business Machines*, 216 F.3d 258 (2d. Cir. 2000); *Perry v. Woodward*, 199 F.3d 1126 (10th Cir. 1999).

**Defendants' Argument for Non-Application of *Spriggs*.** Defendants argue that *Spriggs* is not controlling because it did not address at-will employment under South Carolina law. Dkt. No. 18 at 1-2. Defendants further assert that "courts in South Carolina have found that the at-will relationship is not contractual and thus does not support claims for breach of contract, tortious interference with contract, and the like." *Id.* at 2 (citing *Prescott v. Farmers Telephone Coop., Inc.*, 516 S.E.2d 923, 926 (S.C. 1999)).

The Fourth Circuit's summary reversal in *Parks* (discussed *supra*), suggests a Fourth Circuit view that the issue has already been resolved. Even if it has not, this court would reach the same result as the court finds nothing so unique about South Carolina's employment at-will doctrine that it should be exempt from what appears to be the unanimous view of all federal appellate courts which have addressed application of Section 1981 to various states' at-will employment doctrines.

Defendants' reliance on *Prescott* is entirely misplaced as reflected in the first paragraph of the "Discussion" section of that decision:

> South Carolina has long recognized the doctrine of employment at-will. Pursuant to this doctrine, "*a contract for permanent employment*, so long as it is satisfactorily performed which is not supported by any consideration other than the obligation or service to be performed on the one hand and wages to be paid on the other, *is terminable at the pleasure of either party*." *Shealy v. Fowler*, 182 S.C. 81, 87, 188 S.E.499, 502 (1936).

*Prescott*, 516 S.E.2d at 925 (emphasis added). The *Prescott* court's reliance on the 1936 *Shealy* decision reflects not only South Carolina's long-standing acceptance of the doctrine of at-will employment but also its long-standing acknowledgment that *the at-will employment relationship is inherently contractual. See also id.* at 927 (summarizing a Sixth Circuit decision as holding that the specified events were "insufficient to constitute promise to alter *at-will contract*" (emphasis

7

added)).[5]

To the extent *Prescott* refers to any absence of proof of a contract, it is in the context of addressing the general unavailability of a breach of contract *claim for termination* of at-will employment or the absence of a *contract modifying* Prescott's at-will employment relationship. *See Prescott*, 516 S.E.2d. at 925 ("termination of an at-will employee normally does not give rise to a cause of action for breach of contract"); *id.* ("Of course, an employer and employee may choose to contractually alter the general rule of employment at-will[.]"); *id.* at 926 ("In the employment context, we have already recognized that a contract altering the at-will arrangement may arise, in part, from the oral statement of the employer."); *id.* ("Prescott failed to establish that [his employer] made an offer to alter his at-will employment status."); *id.* at 927 ("Prescott failed to establish . . . the existence of a contract which altered his status as an at-will employee."). Nothing in these references suggests that the at-will relationship is not, itself, contractual.

**Conclusion as to Section 1981.**  For the reasons set forth above, the court concludes that at-will employment in South Carolina is contractual in nature and may support a claim under Section 1981. In reaching this conclusion, the court follows both Fourth Circuit precedent and the precedent of every other federal Court of Appeals that has addressed the issue under a variety of states' at-will employment doctrines. It also joins the only other judges in this district who appear to have addressed the issue.[6]

---

[5] The quoted language from *Shealy* is strikingly similar to the statement of North Carolina law on which the Fourth Circuit relied in *McLean*. *See supra* at 5-6.

[6] Other judges within this district have relied on *Spriggs* in holding that at-will employees may pursue a claim under Section 1981. *E.g.*, *Ferris v. Accuscribe Transcription Svcs., LLC*, C.A. No. 2:07-2381-JFA, 2010 WL 360689 (D.S.C. 2010) (J. Joseph F. Anderson, Jr. decision adopting Report and Recommendation, which rejected argument that at-will employee could not pursue

Sellers has alleged specific facts supporting the inferences that (1) she was an employee of Employer, (2) she was treated differently because of her race, and (3) she was terminated for complaining about racial discrimination. These allegations and inferences are sufficient to state a claim under Section 1981 even assuming Sellers is an at-will employee.[7]

## II.     Breach of Contract – Third Cause of Action

It is difficult for the court to adequately deal with Defendants' motion to dismiss Sellers' claim for breach of contract given the parties' failure to address this claim separately from the Section 1981 claim. The court has, therefore, independently reviewed Sellers' complaint and concludes that, as currently pleaded, the breach of contract claim appears to be founded on a claim that Sellers was terminated in violation of Defendant's own policies and procedures and possibly some other agreement as to her employment. Complaint ¶ 71. Sellers has not, however, adequately

---

Section 1981 claim (n.5)); *Toomer v. S.C. Bank & Trust*, 5:06-2337-RBH, 2008 WL 725792 (D.S.C. 2008) (J. Harwell decision adopting Report and Recommendation, which rejected argument that at-will employee could not pursue Section 1981 claim (n.8)). Defendants have not directed the court to any decision reaching a contrary conclusion. Defendants have not, in fact, cited any decision in any of their memoranda which specifically addressed the applicability of Section 1981 to claims arising from at-will employment.

[7] Defendants ask the court to limit Sellers' Section 1981 claim to a claim founded on her at-will employment status. Dkt. No. 18 at 2 ("To the extent the court must give deference to the Fourth Circuit's *Spriggs* decision . . . Defendants ask the Court to find that Plaintiff's Section 1981 claim survives . . . only on the asserted 'contract' of at will employment."). While Sellers does not refer to any other source of obligations in her Section 1981 claim, she does refer to violation of unspecified "policies and procedures" in the factual allegations which are incorporated into this cause of action. She also asserts a separate claim for breach of contract based on violation of such policies and procedures. Complaint ¶¶ 23, 48, 49, 71. Even if Sellers' breach of contract claim is dismissed for lack of specificity and related reasons (*e.g.*, a failure to allege the existence of a written handbook), this does not mean she cannot base her Section 1981 claim on disparate treatment under Defendants' "policies and procedures," whether oral or written and regardless of form. The court, therefore, declines to place any limitations on Sellers' Section 1981 claim at this time.

identified the relevant policies and procedures or otherwise offered factual allegations which might support a claim for breach of contract based on her termination. *See generally Small v. Springs Indus., Inc.,* 357 S.E.2d 452 (S.C. 1987) (holding employment at-will may be modified by employer's issuance of handbook setting forth progressive discharge procedures). The court, therefore, dismisses Sellers' breach of contract claim WITHOUT prejudice as to Employer and with prejudice as to the individual Defendants.[8]

### III.     Outrage and Negligence – Second and Seventh Causes of Action

Sellers does not object to the recommendation that these claims be dismissed. Finding no clear error, the court adopts the recommendation of the Report and dismisses both claims. This dismissal is WITH prejudice as there is no suggestion that Sellers could allege facts which might support either claim.

### IV.     Retaliatory Discharge

Sellers' claim for retaliatory discharge appears to be founded on state law as she states the discharge was "in violation of the public policies of the State of South Carolina and the United States of America." Complaint ¶ 80. This is confirmed by her response to Defendants' motion to dismiss in which she relies on *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213 (S.C. 1985).

As explained in the Report, a *Ludwick* claim is available only in limited circumstances such as where an employee is terminated for refusing to commit a criminal action or where the termination itself is a crime. Report at 10. Moreover, such a claim may only be advanced when

---

[8] There is no suggestion of evidence that Sellers was in a contractual relationship with either Thomas or Stoxen.

10

there is no other available remedy. *Id.* (discussing *Epps v. Clarendon County*, 405 S.E.2d 386 (S.C. 1991).

Sellers alleges that she was terminated for challenging racial discrimination. Such a claim may be advanced under at least two federal statutes (Title VII and Section 1981). The availability of these statutory remedies precludes Sellers from advancing a state law retaliatory discharge claim under *Ludwick*. This cause of action is, therefore, dismissed WITH prejudice.[9]

## V.     Defamation and Tortious Interference with Contract.

Sellers' allegations under both her defamation claim and her tortious interference with contract/prospective advantage claim are little more than boilerplate allegations, devoid of sufficient facts to satisfy the pleading standards applicable in federal court. The relevant standards and deficiencies are addressed, in detail, in the Report. The court, therefore, grants the motion to dismiss both claims.

These claims are dismissed WITHOUT prejudice as to all Defendants. Sellers may, therefore, seek to amend to cure the deficiencies. If she elects to do so, her allegations must be specific as to the comments she believes were made (or other improper actions she believes were taken), by whom and to whom the comments were made, the resulting injury, and the approximate dates.

## CONCLUSION

For the reasons set forth above, the court adopts the recommendations of the Report in part, as modified herein, and dismisses all of Sellers' claims other than her claim under 42 U.S.C. § 1981.

---

[9] Sellers may, however, seek relief for any retaliatory actions under her Section 1981 claim. *See supra* n.3 (discussing expanded scope of Section 1981 after amendments in 1991).

The dismissal is WITHOUT prejudice as to the claims for breach of contract (with respect to Employer), defamation (all Defendants), and intentional interference with contract/prospective advantage (all Defendants). Dismissal is WITH prejudice as to the claims for breach of contract (to the extent asserted against the individual Defendants), outrage (all Defendants), wrongful discharge in violation of public policy (all Defendants), and negligence (all Defendants).

To the extent dismissal is without prejudice, Sellers shall be allowed fourteen days following entry of this order to move to amend her complaint. The proposed amended complaint shall be attached to the motion and shall not assert any claim dismissed herein with prejudice.

This matter is again referred to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

 s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 22, 2012